**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:08-cr-190-Orl-22GJK

**ADRIAN LAMAR WILLIAMS**

_____

**ORDER**

This cause comes before the Court for consideration of Magistrate Judge Gregory J. Kelly's December 3, 2008 Report and Recommendation ("R&R") (Doc. No. 39); Defendant Adrian Williams' Objections to Report and Recommendation (Doc. No. 42), filed on December 9, 2008; and the United States' Response in Opposition (Doc. No. 47), filed on December 20, 2008.

**I. INTRODUCTION**

Defendant Adrian Williams ("Williams") filed a motion to suppress evidence derived from a search based upon a search warrant and statements allegedly made by Williams after his arrest. The United States filed a response in opposition to Defendant's Motion. (Doc. No. 26.) After considering the parties' pleadings and conducting a hearing on the motion to suppress evidence and statements, Judge Kelly issued a R&R denying Williams' motion. (Doc. No. 39.)

**II. BACKGROUND**

The Court hereby adopts Judge Kelly's statement of facts as provided in the R&R and as follows:

> On January 17, 2008, law enforcement officers searched 1310 Robinson Avenue, Kissimmee, Florida (the "Residence) pursuant to a search

warrant ("Search Warrant") issued by the Honorable Margaret T. Waller of Osceola County, Florida. The Search Warrant was based solely on an affidavit (the "Affidavit") from Detective Amada. Among other things, Detective Amada stated the following in the Affidavit:

A. On January 11, 2008, Detective Amada came in contact with a confidential informant ("CI") which advised Amada that "he/she" could purchase narcotics from a male in the area of the Residence.

B. The CI stated that "he/she purchased cocaine previously from Adrian at [the Residence] on a consistent basis."

C. While conducting surveillance at the Residence, Detective Amada observed several individuals make short visits that he thought were consistent with illegal narcotic activity. Each individual who visited the Residence was greeted on the porch by an individual Amada later identified as the Defendant.

D. On January 11, 2008, the CI and the CI's vehicle were searched by Amada at the Kissimmee Police Department with negative results and the CI was given $100.00 and an audio transmitting device which would "monitor" the CI's conversation.

    E.    While being observed by Amada, the CI went into the Residence and purchased $100.00 worth of crack cocaine. Amada states that he could hear "everything going on inside the house" and that the "two did not talk" and "no other voices were heard in the house." The CI obtained crack cocaine, returned to the Kissimmee Police Department and was searched again by Amada. The CI wrote a sworn statement of the transaction and picked the Defendant when presented a photo line-up.

    F.    On January 12, 2008, the steps outlined in ¶¶ D-E were repeated except the CI received $50.00 worth of cannabis and $50.00 worth of crack cocaine in exchange for the $100.00. The CI then completed a sworn statement regarding the transaction.

    G.    In the Affidavit, Detective Amada concluded: "Based on the entire case I believe illegal narcotics are being sold and stored at [the Residence]. Based upon the applicant's [Detective Amada] training and experience, and the foregoing facts, the applicant has probable cause to believe, and does believe, that the evidence listed above will be discovered in or on the property described above."

> On August 27, 2008, the Defendant was indicted on three counts of possession with the intent to distribute crack cocaine, one count of possession of a firearm in furtherance of drug trafficking, and one count of possession of a firearm by a convicted felon. On September 8, 2008, the Defendant was arrested, entered a plea of not guilty and was ordered detained.

(Doc. No. 39 pp. 2-4.)

On November 24, 2008, Judge Kelly held a hearing on both aspects of the motion. During the hearing, Judge Kelly heard testimony from several individuals.[1] The United States called Detective Mark Morris of the Kissimmee Police Department ("KPD"), Detective Anthony Amada of KPD, and Detective Michael Thompson of KPD. Defense counsel called Williams. Judge Kelly denied Williams' Motion to Suppress Statements at the conclusion of the hearing. Finding the testimony of Officer Amada to be credible, Judge Kelly held that Williams made a knowing, intelligent and voluntary waiver of his *Miranda* rights. (Doc. No. 40 p. 69.) Judge Kelly stated that he would not rule from the bench on Williams' Motion to Suppress Evidence. (*Id*. at 90.) In his R&R, Judge Kelly found that the evidence in the Affidavit demonstrated probable cause for the search warrant and Williams' challenge to the sufficiency of the Affidavit was without merit. (Doc. No. 39 pp. 8-9.)

---

[1] Judge Kelly accepted testimony on the suppression of the statements but heard only argument regarding the suppression of evidence and whether to grant Defendant a hearing under the authority of *Franks v. Delaware*, 438 U.S. 154 (1978). (Doc. No. 40 pp. 69-90.)

## III. ANALYSIS

### A. Standard of Review

When a party objects to the magistrate's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (indicating that although the court must make a de novo determination, a de novo hearing is not required). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's R&R. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1). "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination." *Veteto*, 701 F.2d at 140.

### B. Motion to Suppress Statements

After reviewing the record of the suppression hearing de novo, considering Judge Kelly's factual findings and recommendations, and examining the parties' submissions, the Court finds that Williams was given a *Miranda* warning and did voluntarily, knowingly and intelligently waive his *Miranda* rights.

*Miranda* prohibits the government from using statements made by a defendant during a custodial interrogation, or the functional equivalent of a custodial interrogation, unless the defendant has first been advised of his constitutional rights. *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). In order to establish a waiver of *Miranda* rights, the government must show, by a preponderance of

the evidence, that the defendant voluntarily, knowingly, freely and intelligently waived those rights, with knowledge of the consequences of the waiver. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 (1986).

At the suppression hearing, both Detectives Amanda and Thompson testified that Williams was advised of his *Miranda* rights once Williams and Detective Amada arrived at KPD. (*See* Doc. No. 40 pp. 16-17, 43.) Williams testified that he was not advised of his *Miranda* rights. (*Id*. at 54, 56-57.)

The Court finds the testimony of Detective Amada, that he advised Williams of his *Miranda* rights after arriving at KPD, to be more credible than the testimony of Williams to the contrary. Amada's testimony, with respect to what occurred at KPD, is corroborated by the testimony of Detective Thompson. Williams, on the other hand, has much to gain by persuading the Court that he was not advised on his constitutional rights. The Court finds that the Government has met its burden of establishing by a preponderance of the evidence that (1) Williams was advised of his rights, (2) Williams made a knowing, voluntary and intelligent waiver of those rights, and (3) that any subsequent statements were voluntarily made by Williams. *United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir. 1997). Accordingly, the Court DENIES Williams' Motion in regard to the suppression of statements.

### C. Motion to Suppress Evidence

In his Motion to Suppress Evidence and again in his Objections to Judge Kelly's R&R, Williams argues that the Search Warrant Affidavit contains the following material misrepresentations and/or omissions:

- A. It fails to mention that the police paid the CI $40.00 for each visit to the Residence;
- B. It fails to mention that the state had just dropped a very similar charge against the CI;
- C. It fails to mention that the audio transmitting device had failed to record any of the alleged conversations between the CI and the people at the Residence;
- D. It fails to mention that normal police procedure would require that any search of a female be done by another female, not a male officer; and
- E. It fails to mention that normal police procedure would require an undercover officer go into the Residence to buy drugs.

(Doc. No. 23 p. 4-5; Doc. No. 42 p. 3-4.)

Williams argues that all five omissions go directly to the credibility of the Affidavit. (Doc. No. 42 p. 3.) Williams further contends that if these facts had been included in the Affidavit, the judge would not have found probable cause to search the Residence. (*Id.* at 4.) Accordingly, Williams petitions the court to reject Judge Kelly's recommendation that the motion to suppress evidence be denied, or in the alternative, hold a *Franks*[2] hearing on the asserted basis that the Affidavit contained material omissions. (*Id.*)  In his R&R, Judge Kelly rejected Williams'

---

[2]*Franks v. Delaware*, 438 U.S. 154 (1978).

suppression arguments and also determined that Williams had not demonstrated any basis for a *Franks* hearing. The undersigned judge concurs.

Considering the totality of the circumstances, Judge Kelly was correct in concluding that the Affidavit contained ample facts supporting probable cause for the issuance of a warrant to search the Residence. (Doc. No. 39 p. 8.) As Judge Kelly noted, the Affidavit describes two drug transactions that occurred between the CI and Williams at the Residence, and that the CI wore a monitoring device while in the Residence purchasing crack cocaine and cannabis. (*Id*.) Finally, the Court agrees entirely with Judge Kelly's finding that the Affidavit contains no material misrepresentations or omissions. (*Id*. at 9-11.) Accordingly, the Court DENIES Williams' Motion insofar as it seeks suppression of evidence from the search of the Residence.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's December 3, 2008 Amended Report and Recommendation (Doc. No. 39) is APPROVED and ADOPTED.

2. The Defendant's Objections to the Order (Doc. No. 42), filed on December 9, 2008, are OVERRULED.

3. The Defendant's Motion to Suppress Evidence and Statements and Request for Hearing (Doc. No. 23), filed on October 20, 2008, is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 23, 2008.

Copies furnished to:

Counsel of Record
Pro Se Party
Magistrate Judge
United States Marshals Service

ANNE C. CONWAY
United States District Judge

United States Probation Office
United States Pretrial Services

Case 6:08-cr-00190-ACC-GJK  Document 54  Filed 12/24/08  Page 9 of 9 PageID 345

-9-